NOT DESIGNATED FOR PUBLICATION

No. 116,696

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICK MCATEE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed May 4, 2018. Affirmed.

*Shannon L. Cooper*, of Andover, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: A Sedgwick County District Court jury found Patrick McAtee guilty of driving under the influence in violation of K.S.A. 2013 Supp. 8-1567 on the alternative bases that he consumed sufficient alcohol to render him incapable of operating a motor vehicle safely and that he had a blood alcohol level of .08 or more. The jury also convicted him of four lesser traffic offenses and found him not guilty of one. The district court later sentenced McAtee as a first-time DUI offender and imposed fines on the other convictions. McAtee has appealed.

1

Given the issues on appeal, the factual circumstances underlying McAtee's arrest in 2013 and the evidence presented to the jury during the trial in 2016 are irrelevant. We dispense with an extended narrative of them.

At trial, the State called Amanda Thurman Pfannenstiel, who works for the Kansas Department of Health and Environment, as a witness to lay part of the evidentiary foundation to admit the results of McAtee's breath test administered with an Intoxilyzer 8000. McAtee's lawyer objected to Pfannenstiel on the grounds she had not been properly endorsed as a witness. As provided in K.S.A. 22-3201(g), a prosecutor must endorse the names of the State's expected witnesses on the complaint when it is filed. The district court may permit additions to or other amendments of the witness list.

After McAtee's lawyer objected, the prosecutor made an oral motion during the trial to amend the listed witnesses to include Pfannenstiel. The district court granted the motion. On appeal, McAtee says the endorsement of Pfannenstiel was improper and his DUI conviction should be reversed as a result. This contention fails on multiple grounds.

First, McAtee was given a copy of the citation when he was released from jail shortly after his arrest. Although that document did not identify Pfannenstiel, the district attorney's office filed the citation with the district court as the complaint initiating the prosecution. The district attorney's office included a list of witnesses with that filing. The list identified Pfannenstiel. So the prosecutors complied with K.S.A. 22-3201(g), and Pfannenstiel was properly endorsed as a witness long before trial. Accordingly, there actually was no reason for the trial motion to add Pfannenstiel as a witness, since she had been properly listed in the district court file nearly three years earlier.

Second, motions to endorse additional witnesses are entrusted to a district court's sound discretion. *State v. Shelby*, 277 Kan. 668, 673-74, 89 P.3d 558 (2004). A district

2

court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011). A late endorsement of a prosecution witness may exceed that broad authority if the testimony surprises and materially prejudices the defendant. *Shelby*, 277 Kan. at 674. On appeal, McAtee has identified no particular prejudice resulting from Pfannenstiel's testimony.

Finally, given the jury's verdict, we fail to see how McAtee could show prejudice even if he tried. The jury convicted him of driving under the influence on alternative grounds. Pfannenstiel's testimony related only to the operation of the Intoxilyzer and, thus, the ground based on McAtee's blood alcohol level. Her testimony had nothing to do with proving the alternative ground—that McAtee had consumed enough alcohol that he couldn't drive safely. McAtee told the police officer who stopped him that he had been drinking. The multiple traffic violations and McAtee's poor performance on field sobriety tests also supported the conviction on that ground. The district court, of course, sentenced McAtee for only one DUI violation, but it could have relied on either of the alternative bases consistent with the jury's guilty verdict.

In sum, McAtee has shown no reason requiring reversal of his DUI conviction based on Pfannenstiel's appearance as a witness.

For his other point on appeal, McAtee contends the district court erred in denying his motion to arrest the judgment of conviction. See K.S.A. 2017 Supp. 22-3502. A judgment may be set aside if the complaint "does not charge a crime" or the district court lacks jurisdiction over the crime charged. Here, the complaint alleged the alternative DUI violations and, thus, charged a crime. And the complaint stated the crimes occurred in Sedgwick County, establishing jurisdiction in the district court.

3

McAtee points out the complaint was not signed by a prosecutor and alleges that makes the document legally deficient. But a citation issued and signed by a law enforcement officer suffices as a complaint. See K.S.A. 2017 Supp. 22-2202(h) (defining complaint to include citation conforming to K.S.A. 2017 Supp. 8-2106); K.S.A. 2017 Supp. 8-2106(b) (citation must bear signature of law enforcement officer). McAtee also submits he was never served with a copy of the citation that was filed with the district court. But he cites nothing in the record showing such a failure. More significantly, however, the failure to serve a copy of the complaint on the defendant does not amount to a legal basis for granting a motion to arrest a judgment of conviction under K.S.A. 2017 Supp. 22-3502.

Affirmed.